```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                         CASE NO. 06-20055

BUDDY EUGENE MANNING                                        DEFENDANT

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Indictment and Brief in Support (Doc. 33), and the United States' Response to Defendant's Motion to Dismiss Indictment (Doc. 34).

Defendant was charged in the indictment with failure to register pursuant to 18 U.S.C. § 2250, the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. § 16901 et seq. ("Adam Walsh Act"). This act penalizes a defendant who "knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"). Defendant contends the indictment is defective in two ways. One, there is no evidence Defendant traveled in interstate commerce, an essential element of the offense, after the effective date of the law. Defendant asserts that retroactive application of the law would violate the United States Constitution's prohibition against *ex post facto* laws. Two, Defendant was never notified of his requirement to register under SORNA.

Two courts have recently addressed arguments similar to those raised by Defendant. In *United States of America v. Madera*, No. 6:06CR202 ORL18KRS, 2007 WL 141283 (M.D. Fl. Jan. 16, 2007) the

defendant sought dismissal of an indictment for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) and the Walsh Act.  The defendant claimed, among other arguments, the indictment violated the *ex post facto* clause of the Constitution.  The Court found that retroactive application of the law was not in violation of the *ex post facto* clause as the intention of the registration requirement was not punitive.  Rather, it was intended to create a regulatory scheme that was civil and non-punitive. *Id.* at *5.

The rationale in *Madera* draws strongly from the Supreme Court precedent in *Smith v. Doe*, 538 U.S. 84 (2003).  In *Smith*, the Supreme Court considered a law imposed by the state of Alaska which was strikingly similar to SORNA.  The Court found the intention of such a registering and reporting law was to "create a civil, non punitive regime."  *Smith*, 538 U.S. at 96.  Moreover, the Court found there was no punitive effects from the registering and reporting schemes.  *Id.* at 97 (stating the "[m]ost significant factor in [the] determination that the statutes's effects are not punitive" is "the Act's rational connection to a non punitive purpose.").  *Smith* was also relied upon in *United States v. Templeton*, No. CR-06-291-M, 2007 WL 445481 (W.D. Okla. Feb 7, 2007).  In *Templeton*, the Defendant also sought to dismiss the indictment, contending the reporting requirements of SORNA violate the *ex post facto* clause.  However, the Court found the law does not "punish the defendant for an act that was not a crime when

allegedly performed, does not make the punishment greater for a crime committed before the law's enactment, and does not deprive defendant of a defense available before its enactment." *Id.* at *5.

Our case raises issues like those considered by the *Madera*, *Templeton*, and *Smith* courts.  Accordingly, the same rationale applies.  The retroactivity of the registration law does not violate the *ex post facto* clause of the Constitution as it is not punitive, but a civil regulatory scheme with no punitive purpose or effect.

Defendant's second argument concerns his lack of knowledge of the requirement to register as a sex offender under Section 2250. However, Section 2250 requires the defendant "knowingly fail[ed] to register or update a registration as required by the Sex Offender Registration and Notification Act."  A defendant is required by SORNA to comply with registration obligations as imposed by other laws.  SORNA also imposes its own registration obligations in some instances. The Defendant was informed in March of 2004 of his obligation to register as a sex offender under the Delaware notification law.  Although admittedly this notice was prior to the enactment of SORNA, a violation of SORNA requires that a defendant knowingly failed to register or update a registration.  A defendant can violate the law by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law.

In *Madera*, the Defendant signed a sexual registration form from New York dated May 1, 2006, which was prior to the enactment of SORNA.  This form informed the defendant he must register as a sex offender within ten days of establishing a residence if he moved to another state.  The *Madera* court found the defendant was "on fair notice that he was required to register as a sex offender." *Madera*, *4.  Accordingly, no new duties were imposed by SORNA nor did SORNA impair any rights of the defendant when he failed to register.  The same is true in our case as Defendant knew he was under an obligation to register and no new duties were given to him. Moreover, the Supreme Court has held that ignorance of the law is generally no excuse to break the law, even in offender registration contexts, where the necessity of registration is likely to be known.  See *Lambert v. California*, 355 U.S. 255 (1957).

For the above stated reasons, Defendants Motion to Dismiss Indictment (Doc. 33) is DENIED and this matter remains set for a jury trial on Monday, February 26, 2007 at 9:00 a.m.
IT IS SO ORDERED.

```
                              /s/ Robert T. Dawson
Dated:   February 23, 2007       Robert T. Dawson
                                 United States District Judge
```