IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

    v.              Case No. 2:06-CR-20055

BUDDY EUGENE MANNING                                            DEFENDANT

## **STATEMENT OF REASONS FOR DENIAL OF CERTIFICATE OF APPEALABILITY**

On February 28, 2007, Buddy Eugene Manning pleaded guilty to a one count Indictment charging him with failing to register and/or update registration as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. (Doc. 38). On June 22, 2007, he was sentenced to time served, ten (10) years supervised release, a $500.00 fine, and a $100 special assessment. (Doc. 41). Defendant did not appeal his conviction.

On July 24, 2009, Defendant filed a motion to set aside his conviction pursuant to 28 U.S.C. § 2255 or, in the alternative, 28 U.S.C. § 2241. Defendant's motion stated that his admitted failure to register as a sex offender did not constitute a federal offense because: (1) he was actually innocent of the charge; (2) his conviction was a violation of the Constitution or laws of the United States; (3) the Court was without jurisdiction to impose such sentence; and (4) the conviction constituted a miscarriage of justice. (Doc. 43). This Court denied Defendant's motion based upon the expiration of the statute of limitations applicable to § 2255 motions. (Doc. 48). Furthermore, the Court denied the motion under § 2241 because Defendant had remedies under § 2255,

**AO72A**
**(Rev. 8/82)**

though he did not utilize them. Defendant then asked the Court to reconsider its ruling and stay the proceedings until the issue could be addressed by the United States Supreme Court. (Doc. 49). This motion was denied as speculative and unnecessary. (Doc. 50)

Currently before the Court is Defendant's Motion for Certificate of Appealability. (Doc. 51). For his motion, Defendant seeks a certificate of appealability ("COA") with respect to the issues he presented under 28 U.S.C. § 2255 and § 2241. Under 28 U.S.C. § 2253(c)(2), a COA may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Defendant contends that he has made a substantial showing of the denial of a constitutional right due to his actual innocence and this Court's alleged lack of jurisdiction based on the purported inapplicability of SORNA. (Doc. 51).

This Court previously denied Defendant's motion to vacate and reconsider based on the expiration of the statute of limitations for the habeas petitions. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the

2

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling</u>." *Slack*, 529 U.S. at 484 (emphasis added). Accordingly, this Court must address the threshold issue of whether reasonable jurists could debate the correctness of the Court's ruling on the expiration of the statute of limitations.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one year statute of limitations for § 2255 motions that begins to run from the latest of four possible dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

The Defendant failed to file his petition within one year of the date that his conviction became final. As a result, Defendant relies on 28 U.S.C. § 2255(f)(2) as the applicable provision for calculating the statute of limitations. He states that jurists of

3

reason could debate whether an impediment was created by government action which prevented him from making his habeas motion.  Contrary to his argument, Defendant created his own impediment.  After entering a conditional guilty plea to a SORNA offense, Defendant failed to perfect an appeal.  Defendant then failed to file a habeas petition under § 2255 within the one-year statute of limitations as clearly required by the statute.  These facts preclude a finding that he has been denied a right by the Government.

Defendant further states that jurists of reason could debate whether he should be able to proceed with his habeas petition based on a change in the law.  In *United States v. May*, 535 F.3d 912 (8th Cir. 2008), the Eighth Circuit Court of Appeals discussed SORNA's application to defendants who were convicted of sex offenses prior to its enactment and whether pre-SORNA interstate travel can form the basis for a SORNA conviction.  *See also U.S. v. Hulen*, 309 Fed. Appx. 79 (8th Cir. 2009).  In the cases cited by Defendant, it was undisputed that the defendants' last travels in interstate commerce were prior to the passage of SORNA.  In the present case, the Government has made no such concession, and Defendant's argument is directed to the sufficiency of the evidence against him rather than alleged actual innocence of the charge.

The Court finds that the issues raised by Defendant are neither debatable among jurists nor that another court would resolve them differently.  Defendant's § 2255 petition is barred by

4

the statute of limitations, and as this Court has ruled, Defendant failed to show that § 2241 is a proper basis for relief. The Court concludes that Defendant's request for certificate of a appealability (Doc. 51) should be, and hereby is, **DENIED**.

IT IS SO ORDERED this 18th day of February 2010.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)